UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/27/2017

S&S KINGS CORP.,

          Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY,

          Defendant.

No. 16-CV-2016 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Non-party S&N Builders, Inc. ("S&N") moves to intervene in this diversity action brought by Plaintiff S&S Kings Corp. ("S&S Kings") against Defendant Westchester Fire Insurance Co. ("Westchester"). For the reasons set forth below, S&N's motion to intervene is granted. Because S&N's intervention deprives the Court of subject-matter jurisdiction, however, the Court dismisses this action without prejudice.

## BACKGROUND

S&N entered into a contract with the New York City Department of Design and Construction, under which S&N agreed to provide labor, materials, and equipment for the "Bronx River Art Center Building Renovation" in Bronx, New York. Compl. (Dkt. 1) ¶ 12; Aff. of Sakander Raja in Supp. of Mot. to Intervene ("Raja Aff.") (Dkt. 23) ¶ 3. S&N thereafter subcontracted a portion of the work to S&S Kings. Compl. ¶ 14; Raja Aff. ¶ 3. On or about December 13, 2013, S&N secured a payment bond from Westchester, guaranteeing prompt payment to all persons who provide labor and materials in connection with the renovation project. Compl. ¶ 13; Raja Aff. ¶ 5. Westchester and S&N are jointly and severally liable under the

payment bond. Compl. ¶ 17.

On March 17, 2016, S&S Kings brought this action against Westchester, seeking to recover monies due under its subcontract with S&N. Compl. at 3. S&S Kings alleges that it fulfilled all its obligations under the agreement but was not paid $350,598.61. Compl. ¶¶ 15–16. On May 13, 2016, Westchester filed an answer, which contained eleven affirmative defenses. *See generally* Answer (Dkt. 11).

On July 7, 2016, S&N moved to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure. Dkt 22. According to S&N's president, S&S Kings failed to fulfill its obligations under the subcontract, which S&N subsequently terminated. Raja Aff. ¶¶ 7–9. S&N asserts that it has incurred significant costs correcting defective work originally performed by S&S Kings and completing the work S&S Kings failed to do. *See* Raja Aff. ¶ 10–11; Mem. of L. in Supp. of Mot. to Intervene ("S&N Mem.") (Dkt. 24) at 1. S&N "seeks to bring affirmative monetary claims directly against S&S Kings," which it would assert as a party to this action. S&N Mem. at 1. S&S Kings opposes S&N's motion. *See* Dkt. 25.

## LEGAL STANDARD

"In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *Weisshaus v. Swiss Bankers Assoc. (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191, 197 (2d Cir. 2000). While an applicant must satisfy all four requirements, *see id.* at 197–98, this test "is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria," *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002).

2

## DISCUSSION

### A. Intervention

Considering these factors, the Court concludes that S&N is entitled to intervene under Rule 24(a)(2). First, it is undisputed that S&N's motion is timely. *See* Pl.'s Opp'n Mem. (Dkt. 25) at 1. Indeed, S&N moved to intervene before discovery had begun and before construction of the renovation project was complete. *See* S&N Mem. at 4, 6; Raja Aff. ¶ 12.

Second, S&N has a clear interest in this litigation. S&N is the principal on the payment bond against which S&S Kings seek to collect. Compl. ¶ 13. S&N and Westchester are jointly and severally liable to S&S Kings, Compl. ¶ 17, and S&N will be obligated to indemnify Westchester if S&S Kings prevails, S&N Reply Mem. at 4–5. *See, e.g., Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 29 (D.D.C. 2010) ("[T]he [general contractor], as the principal of the payment bond, has a clear interest in this litigation because if a judgment is granted against the [surety], the [surety] is likely to seek indemnification . . . pursuant to their surety agreement."); *see generally Reinforced Concrete & Masonry Const., Inc. v. Hudson Ins. Co.*, No. 14-CV-1705 (SAS), 2014 WL 6888764, at *2 (S.D.N.Y. Dec. 8, 2014) (finding that a general contractor "plainly has an interest" in an action brought against its surety by a subcontractor); *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Ins. Co.*, 226 F.R.D. 485, 488 (S.D.N.Y. 2005) (characterizing a general contractor's interest in a suit between its surety and a subcontractor as "self-evident").

Third, S&N's interests may be impaired by the disposition of this action in several ways. If S&S Kings prevails in this action, S&N must indemnify Westchester. S&N Reply Mem. at 4–5; *see, e.g., Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*, No. 06-CV-2875 (LAK) (HBP), 2007 WL 2593000, at *4 (S.D.N.Y. Sept. 7, 2007) ("[G]iven [a general contractor's] obligation to

indemnify [its surety], [it] has a clear interest in the outcome of the litigation that may be impaired by the outcome of the litigation."). Moreover, because the key issue to be determined in this case is S&N's liability under the subcontract, judgment in this action may have preclusive effects in any subsequent action S&N brings against S&S Kings, where the same issue would likely arise. *See Burdick Assocs. Owners Corp. v. Indem. Ins. Co. of N. Am.*, 560 N.Y.S.2d 481, 482 (2d Dep't 1990) ("[A] surety stands in its principal's shoes for collateral estoppel purposes.").[1] Furthermore, even if S&N is not precluded from bringing claims against S&S Kings in a subsequent action, it may nonetheless be subject to inconsistent rulings. For example, the Court could find that S&N is liable to S&S Kings for its work in this action, and a state court could subsequently find that S&S Kings breached the subcontract. *See, e.g., United States ex rel. Milestone Tarant, LLC/Highland Ornamental Iron Works, Inc. v. Fed. Ins. Co.*, 815 F. Supp. 2d 36, 39 (D.D.C. 2011) (finding that a general contractor could intervene as of right in an action brought by a subcontractor against its surety where the general contractor would "be subject to the possibility of multiple or inconsistent rulings if [its] and [the surety's] liability are not determined simultaneously"). S&N has therefore demonstrated that the outcome of this case may impair its interests.

Finally, S&N's interests are not adequately protected by the parties in this action. S&N represents that it intends to seek "affirmative monetary claims against S&S Kings," which it could assert as counterclaims in this action. S&N Mem. at 5. While Westchester may be entitled to

---

[1] *Cf. Jeffrey M. Brown Assocs., Inc. v. CRK Contracting of Suffolk, Inc.*, 100 F. Supp. 2d 323, 324 (E.D. Pa. 2000) (finding that, in a general contractor's action against a subcontractor, a surety's prior judgment against the subcontractor collaterally estopped the subcontractor from asserting a counterclaim against the general contractor under New York law); *QDR Consultants & Dev. Co. v. Colonia Ins. Corp.*, 675 N.Y.S.2d 117, 119 (2d Dep't 1998) (finding that, in a surety's action against a subcontractor, the surety was collaterally estopped from relitigating the general contractor's liability after an arbitrator had ruled in favor of the subcontractor); *Rockland Cty. v. Aetna Cas. & Sur. Co.*, 514 N.Y.S.2d 102, 103 (2d Dep't 1987) (finding that a plaintiff was collaterally estopped from bringing a claim against a surety, where judgment was entered against the plaintiff on a counterclaim in a previous action against the surety's principal).

make some of the same defenses as S&N, it is not clear that Westchester would bring the same counterclaims that S&N intends to bring. Indeed, despite asserting eleven affirmative defenses in its answer, Westchester has not stated any counterclaims, as S&N represents that it would as a defendant in this action. *See, e.g., Atl. Refinishing & Restoration, Inc.*, 272 F.R.D. at 30 (finding that a surety would not adequately protect a general contractor's interests in an action brought by a subcontractor, where the surety did not advance a defense the general contractor sought to bring, despite "putting forth thirteen other affirmative defenses in its answer"); *Coleman Capital v. Fidelity Deposit Co. of Md.*, 43 F.R.D. 407, 408 (S.D.N.Y. 1967) ("Defendant surety is unable to represent adequately [a general contractor's] 'interest' because it cannot interpose [the general contractor's] 'personal' defenses or claims.").[2] Accordingly, S&N has demonstrated that Westchester would not adequately protect its interests in this action.

In sum, the Court concludes that S&N is entitled to intervene in this action pursuant to Rule 24(a)(2).[3]

### B. Jurisdiction

S&N argues that its intervention eliminates this Court's jurisdiction and requires dismissal. *See* S&N Mem. at 6–7. The Court agrees.

---

[2] In support of its argument that Westchester will adequately protect S&N's interests, S&S Kings relies on *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Insurance Co.*, 226 F.R.D. 485 (S.D.N.Y. 2005), which denied a general contractor's Rule 24(a)(2) motion to intervene in an action brought by its subcontractor against a surety. *Id.* at 490–91. *Union Switch* is readily distinguishable: the general contractor in that case did not "propose any counterclaims against [the subcontractor] at all." *Id.* at 490. Here, by contrast, S&N has demonstrated the inadequacy of its surety's representation by proposing specific counterclaims that its surety did not assert.

[3] S&N also argues that it is a necessary party to this action and must be joined pursuant to Rule 19(a)(1)(B). *See* S&N Mem. at 2–3. Rule 19(a) requires joinder, however, only if a person's "joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). As discussed below, S&N's participation in this action would deprive the Court of subject-matter jurisdiction because S&N and S&S Kings are not diverse. Accordingly, the Court does not join S&N as a party under Rule 19(a). *See id.*; *see also Underpinning & Found. Skanska, Inc. v. Berkley Reg'l Ins. Co.*, 262 F.R.D. 196, 202 (E.D.N.Y. 2009) (finding that a general contractor's joinder in a diversity action between a subcontractor and surety was not feasible, where the general contractor and subcontractor were not diverse).

The Court's jurisdiction over S&S Kings's state-law claim is governed by 28 U.S.C. § 1367. Section 1367(b) provides, in relevant part:

> In any civil action of which the district courts have original jurisdiction founded solely on [diversity jurisdiction under] section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). Here, the Court's original jurisdiction was founded "solely" on Section 1332. *Id.*; *see* Compl. ¶¶ 5–8. However, because both S&S Kings and S&N are citizens of New York, S&N Mem. at 7 n.1, exercising supplemental jurisdiction over S&S Kings's claim "would be inconsistent with the jurisdictional requirements of section 1332," which requires complete diversity between the parties. 28 U.S.C. § 1367(b); *see Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Under the plain terms of Section 1367, the Court lacks supplemental jurisdiction over S&S Kings's state-law claim. *See* 28 U.S.C. § 1367; *Reinforced Concrete*, No. 14-CV-1705 (SAS), 2014 WL 6888764, at *3 (finding that a general contractor could intervene as of right in a subcontractor's action against its surety but dismissing the action because the general contractor's intervention eliminated diversity jurisdiction).

Because S&N's intervention deprives the Court of subject-matter jurisdiction, this action must be dismissed.[4]

---

[4] The parties may, of course, pursue this action in state court, where all parties may be joined in a single lawsuit. *See Reinforced Concrete*, No. 14-CV-1705 (SAS), 2014 WL 6888764, at *3 & n.21.

## CONCLUSION

For the foregoing reasons, S&N's motion to intervene is granted, and this action is dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 22 and to close this case.

SO ORDERED.

Dated:   January 27, 2017
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Ronnie Abrams
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge